FILED

**NOT FOR PUBLICATION**

JAN 22 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ARTUR JOVHANESSYAN, | No. 10-71316 |
| Petitioner, | Agency No. A097 102 553 |
| v. | MEMORANDUM* |
| ERIC H. HOLDER, JR., ATTORNEY GENERAL OF THE UNITED STATES, | |
| Respondent. | |

On Petition for Review of an Order of
the Board of Immigration Appeals

Argued and Submitted December 6, 2013
Seattle, Washington

Before: HAWKINS and TALLMAN, Circuit Judges, and WHYTE, Senior District
Judge.**

Petitioner Artur Jovhanessyan seeks review of a March 24, 2010 final order

of the Board of Immigration Appeals ("BIA") denying his motion to reopen as

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Ronald M. Whyte, Senior District Judge for the U.S.
District Court for the Northern District of California, sitting by designation.

untimely. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny

Jovhanessyan's petition for review.

The BIA did not abuse its discretion when it concluded that the evidence of

changed circumstances in Armenia was immaterial to Jovhanessyan's claims for

asylum, withholding of removal and protection under the Convention Against

Torture ("CAT"). Jovhanessyan claimed he was persecuted as a member of the

Armenian People's Party ("APP") and that treatment of APP members had

changed since he left Armenia. The BIA can rely on credibility determinations

reached in prior hearings in deciding whether a petitioner's affidavit is inherently

unbelievable. *Limsico v. INS*, 951 F.2d 210, 213 (9th Cir. 1991). This is precisely

what the BIA did—because Jovhanessyan's affidavit largely mirrors his testimony

in the first hearing, which the IJ found not credible, the BIA reasonably determined

that his affidavit was inherently unbelievable. *See Toufighi v. Mukasey*, 538 F.3d

988, 996-97 (9th Cir. 2007). No other new and admissible evidence submitted by

Jovhanessyan in his motion to reopen was relevant to his membership in the APP.

Because Jovhanessyan cannot prove his membership in the APP, changed

circumstances for APP members in Armenia are immaterial to his claim for

asylum, withholding of removal and CAT protection, the BIA did not abuse its

discretion.

2

The BIA provided a reasoned basis for its decision premised upon substantial evidence in the administrative record. The BIA provided two reasons for its finding that Jovhanessyan's claim to APP involvement was inherently unbelievable, both supported by substantial evidence: "First, the Immigration Judge found that the respondent was not a credible witness. Second, the November 19, 2008 letter from the respondent's father does not mention that the family received any visits from the police after the respondent left Armenia," which the BIA considered contradictory to Jovhanessyan's affidavit.

The BIA also did not err in refusing to consider newly offered evidence of Jovhanessyan's credibility. The BIA may only consider such evidence if it could not have been discovered or presented at the previous hearing. 8 C.F.R. § 1003.2(c)(1). Here, the BIA refused to consider several documents that were dated between January and March 2003—before the original December 2, 2003 hearing. The BIA reviewed all other documents, so it did not err.

**PETITION FOR REVIEW DENIED.**